[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14055

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

AMOS J. MOSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:15-cr-14079-KAM-1

_____

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Amos Moss is a federal prisoner serving a 180-month prison sentence imposed in 2016 for possession of a firearm by a convicted felon. In 2023, Moss moved for early release under U.S.S.G. § 1B1.13(b)(3)(A), arguing that his family circumstances—namely, the lack of an alternative caregiver for his 13-year-old minor daughter, after her mother lost parental rights—presented extraordinary and compelling reasons to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Moss otherwise argued that he was not a violent offender and would not pose a danger to the community. The district court denied Moss's motion, concluding that he was not eligible for a sentence reduction and that a reduction was not warranted in view of the 18 U.S.C. § 3553(a) sentencing factors. Moss now appeals. After careful review, we affirm.

We review the discretionary denial of a defendant's request for early release under § 3582(c)(1)(A) for an abuse of that discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We liberally construe *pro se* filings. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

Section 3582(c) grants district courts limited authority to reduce the sentences of defendants for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting a reduction under this provision, the court must find that (1) an extraordinary and compelling reason exists under U.S.S.G. § 1B1.13's policy

statement; (2) the reduction is supported by the § 3553(a) sentencing factors; and (3) granting a reduction would not endanger others. *United States v. Giron*, 15 F.4th 1343, 1345–46 (11th Cir. 2021); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Tinker*, 14 F.4th at 1238.

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. As relevant here, the policy statement says that extraordinary and compelling reasons include family circumstances such as the "death or incapacitation of the caregiver of the defendant's minor child." *Id.* § 1B1.13(b)(3)(A).

An order granting or denying compassionate release under § 3582(c)(1)(A) generally must indicate that the district court has considered "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). But "a district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail," and an acknowledgement by the court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient. *Tinker*, 14 F.4th at 1241 (quotation marks omitted). The weight to give any particular § 3553(a) factor, whether great or slight, is committed to the district court's sound discretion. *Id.* "Even so, [a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper

or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

Moss maintains his family circumstances—that he is the only person willing to be a caregiver for his minor daughter after her mother lost parental rights—qualify under § 1B1.13(b)(3)(A). Moss's desire to be a caregiver for his daughter is commendable. But even if Moss is correct that he was *eligible* for a sentence reduction on that basis, the district court could not grant his motion without also finding that a reduction was supported by the § 3553(a) sentencing factors and would not endanger others. *See Tinker*, 14 F.4th at 1237–38.

And here, the district court did not abuse its discretion in concluding that a reduction in Moss's sentence was not supported by the § 3553(a) factors. The court explained that a sentence reduction would not promote respect for the law or provide either just punishment or specific deterrence, *see* 18 U.S.C. § 3553(a)(2), citing the seriousness of the underlying charge, which involved the discharge of a stolen gun, and Moss's prior two convictions for "acts of violence, including a conviction for battery by strangulation."

Moss claims he is not a violent person and identifies other mitigating information, but he has not shown that the district court abused its discretion in weighing the § 3553(a) factors. *See Tinker*, 14 F.4th at 1241. The court was entitled to attach greater weight to the seriousness of the offense conduct and Moss's previous violent convictions than to his assertions that he had bettered himself and to his need to care for his daughter. *See id.* The court provided

valid reasons supported by the record, and we cannot reweigh the factors ourselves.

Because the district court did not abuse its discretion in concluding that a reduction in Moss's sentence was not supported by the § 3553(a) factors, we affirm.

**AFFIRMED.**